# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHARLES BANKSTON**                                                            **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 4:15CV142-SA-JMV**

**EARNEST LEE and**
**ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**        **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Charles Bankston, Mississippi prisoner No. 128763, for a writ of habeas corpus pursuant 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244, and Petitioner has responded thereto. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition is dismissed with prejudice.

### Facts and Procedural History

In the Circuit Court of Montgomery County, Mississippi, Petitioner was convicted of two counts of sexual battery of his daughter and was sentenced by order filed April 13, 2007, to serve concurrent sentences on each count in the custody of the Mississippi Department of Corrections. *See* Mot. to Dismiss, Ex. A. Petitioner, through counsel, appealed his judgments of conviction. On September 9, 2008, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *See id.*, Ex. B; *see also Bankston v. State*, 4 So. 3d 377 (Miss. Ct. App. 2013), *reh'g denied*, December 9, 2008, *cert. denied*, March 12, 2009 (Cause No. 2007-KA-00929). Petitioner did not seek certiorari review with the United States Supreme Court.

Petitioner, proceeding *pro se*, mailed an application for leave to seek post-conviction

relief to the Mississippi Supreme Court that was stamped "filed" in that court on July 29, 2015. Mot. to Dismiss, Ex. C. The application was denied by Order filed July 29, 2015. *Id.*, Ex. D (Cause No. 2015-M-976).

Petitioner signed the instant petition for federal habeas relief on September 22, 2015, and it was stamped as "filed" in this Court on September 28, 2015. ECF No. 1. On December 3, 2015, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely. In response, Petitioner maintains that he is illiterate and was not informed of his appeal, or the rejection thereof, by his attorney. He also maintains that the documents filed *pro se* in his State-court proceedings and produced by Respondents are forgeries, and that he has never seen the documents. ECF No. 12.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

2

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed" application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

A state judgment generally becomes final on direct review "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). In this case, Petitioner did not seek certiorari review with the United States Supreme Court following his direct appeal, and therefore, his judgment became "final" within the meaning of § 2244(d) on June 10, 2009, ninety days after the Mississippi Supreme Court denied certiorari review in this case.[1] *See* 28 U.S.C. § 2101(c); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Petitioner must have filed a "properly filed" application for post-conviction relief on or before June 10, 2010, to toll the limitations period, or his federal habeas petition was filed too late.

Petitioner did not file for post-conviction relief in State court until 2015, approximately

---

[1] The exceptions set forth in § 2244(d)(1)(B-D) are not applicable in this case.

five years after the federal limitations period expired. Therefore, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his State post-conviction proceedings.

Petitioner's federal habeas petition was "filed" sometime between the date it was signed on September 22, 2015, and when it was received in this Court on September 28, 2015. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Therefore, the instant petition was filed over five years after the expiration of the federal deadline.

Accordingly, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted). The Fifth Circuit has also held that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Petitioner maintains that he is entitled to equitable tolling because he is illiterate, and that he was "not informed by the court or his appeal attorney that he had an appeal or when his case was denied in the Mississippi appellate courts." ECF No. 1 at 13.

The Court notes that a petitioner's illiteracy does not demand a tolling of the federal limitations period. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate).

4

The Court otherwise finds that the above-cited procedural history reflects that Petitioner, proceeding *pro se*, has been able to file in documents in both this Court and in the Mississippi Supreme Court. *See, e.g.*, Mot. to Dismiss, Exs. C and D; ECF No. 1. Therefore, Petitioner's alleged illiteracy is not grounds for equitable tolling.

Respondents otherwise claim that the State court record contains letters and pleadings that belie Petitioner's claim that he was unaware of his appeal or the court's ruling on his appeal, as he filed *pro se* motions for rehearing and a *pro se* petition for a writ of certiorari with the Mississippi Supreme Court following the rejection of his appeal. *See id.*, Ex. E. Petitioner argues that he did not file a motion for rehearing or a petition for a writ of certiorari, and that his signature on the documents is forged. *See* ECF No. 12.[2] He attaches to his response a "drill down" report showing the location of his housing at the Mississippi State Penitentiary during the period in question, arguing that this report proves he was not housed in the units stated on the face of the pleadings filed in State court. *See id.*

Petitioner offers the Court no explanation as to why someone unknown to him would file numerous pleadings in State court on Petitioner's behalf in an attempt to overturn his conviction. Additionally, the fact that some State-court documents list Petitioner's housing zone assignment incorrectly is not dispositive of the issue of whether he filed the documents or knew of their existence, as Petitioner admits that he is illiterate and relies upon "writ writers" to draft his legal pleadings and all of the documents were sent from Parchman, where Petitioner is housed. Moreover, Petitioner's Inmate Legal Assistance Program ("ILAP") records, which were produced by Respondents in reply to Petitioner's claims of forgery, demonstrate that Petitioner was in fact aware of his appeal in State court. *See* ECF No. 13, Ex. 2 and Ex. 3. Therefore, Petitioner cites no "rare and exceptional" circumstances to warrant equitable tolling.

---

[2] The Court notes that Petitioner's post-conviction pleadings were filed *pro se*, and he does not assert that they were forged.

Additionally, Petitioner's ILAP records indicate that Petitioner requested a post-conviction pack in May 2013, demonstrating that Petitioner knew of the rejection of his appeal. *Id*., Ex. 2 at 11. He did not seek post-conviction relief in the Mississippi Supreme Court until July 2015, over two years later. The Court notes that even if Petitioner had proven that "rare and exceptional" circumstances exist in this case, he must still demonstrate a diligent pursuit of his available remedies in order to avail himself of equitable tolling. *See, e.g., Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A delay of two years in filing for post-conviction relief does not reflect a diligent pursuit of remedies, and therefore, Petitioner is not entitled to equitable tolling. *See id.* at 408 (finding four month delay in filing petition after state court ruling did not warrant equitable tolling).

Accordingly, Respondents' motion will be granted, and the instant petition will be dismissed as untimely.

## Certificate of Appealability

Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" [8] and **DISMISSES** with prejudice the petition filed in this cause. A

6

certificate of appealability is **DENIED**. All pending motions are **DISMISSED** as moot. A final judgment will enter separately.

**SO ORDERED** this the 4th day of February, 2016.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**